IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JOHNNIE EARL THOMAS**                                                                                    **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 5:07-cv-120-DCB-MTP**

**VICKSBURG POLICE DEPARTMENT**
**AND ISSAQUENA COUNTY JAIL**                                                              **DEFENDANTS**

MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate currently incarcerated in the South Mississippi Correctional Institution, Leakesville, Mississippi, filed a complaint pursuant to 42 U.S.C. § 1983 on June 13, 2007. On November 20, 2007, an order was entered directing Plaintiff to file a written response, on or before December 4, 2007. Plaintiff failed to comply with this order. Plaintiff was warned in this Court's order that failure to timely comply with the requirements of the order may lead to the dismissal of his complaint.

On December 26, 2007, this Court entered an Order to Show Cause directing Plaintiff to respond in writing on or before January 8, 2008, why this cause should not be dismissed for failure to comply with this Court's November 20, 2007 order. In addition, this order directed Plaintiff to comply with the November 20, 2007 order, on or before January 8, 2008. Plaintiff failed to comply with this order.

Plaintiff has not complied with two Court orders, nor has he contacted this Court since September 24, 2007. This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its

calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper. Since the Defendants have never been called upon to respond to Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal should provide that dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith,* No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the   24th   day of January, 2008.

                                s/ David Bramlette
                                UNITED STATES DISTRICT JUDGE